UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN M. BAKER,<br><br>        Plaintiff,<br><br>vs.<br><br>POWDERMET, INC.,<br><br>        Defendant. | 2:08-cv-02209-FMC-PLAx<br><br>ORDER TO SHOW CAUSE RE: IMPOSITION OF SANCTIONS |

## I. BACKGROUND

Plaintiff/Counter-defendant Dean Baker was employed by Defendant Powdermet, Inc. from 1998 until 2003, when Powdermet moved its business from California to Ohio. At the time of Baker's hiring, Baker and Powdermet entered into a written employment agreement. (Reich Decl. Ex. A.) Baker and Powdermet later entered into an addendum to the employment agreement called the "Deferred Compensation Agreement," (DCA) which, although dated December 12, 1998, was actually executed in April 2002. (*Id.* ¶ 4; Ex. B.)[1]

---

[1] The DCA provides that Powdermet would set aside fixed sums to a "deferred compensation account" on Baker's behalf, to "be used as cash for continuing

In July 2003, Baker filed an administrative complaint with the Labor Commissioner of California. (Notice of Removal ("Not.") ¶1; Ex. A.) An administrative hearing was held and the hearing officer made specific findings of fact. (Not. Ex. B.) The hearing officer ruled in Baker's favor, noting that Baker sought sums owed to him "in accordance with his written employment agreement." (*Id.* at 2.) The hearing officer summarized Powdermet's position as follows:

> The Defendant did not dispute that the Plaintiff was not paid the deferred compensation which they maintained the Plaintiff incorrectly classified as wages rather than as a benefit. The Defendant further contended that the purpose of the deferred compensation agreement was to create an account to allow the Plaintiff to buy into the company.

(*Id.*)[2]  In the end, the Commissioner "did not find Defendant's characterization of the deferred wages as a benefit to be persuasive." (*Id.* at 4.)

In 2005, Defendant Powdermet appealed the hearing officer's decision to the Los Angeles Superior Court, and simultaneously filed claims against Plaintiff Baker for statutory and common law misappropriation of trade secrets, breach of contract, conversion, and intentional interference with prospective business advantage in connection with Baker's alleged creation of a competing enterprise. (Notice of Removal ("Not.") ¶ 3; Notice of Appeal, Ex. B.)

Plaintiff/Counter-defendant Baker then removed the entire case to this Court, claiming diversity jurisdiction. *Powdermet, Inc. v. Baker*, CV 05-4225-FMC-PLAx.

---

operations of the company." (Reich Decl. Ex. B at 15.) The DCA also provided that "[a]ny funds allocated to the deferred account shall continue for all purposes to be a part of the general funds of the Company . . . [and Baker's] right shall be no greater than the right of any unsecured general creditor of the Company." (*Id.* at 17.)

[2]The hearing officer also noted that Powdermet contended it did not have to pay Baker because he violated a non-compete agreement. (Not. Ex. B.)

Baker intended to move to sever Powdermet's appeal of the administrative decision from Powdermet's state law claims, and to seek remand of the appeal. In June 2005, the Court remanded the entire case to state court, finding that Baker was the plaintiff in state court, and therefore his attempt at removal was improper. The Court explained that a plaintiff cannot be recharacterized as the defendant for purposes of removal under 28 U.S.C. § 1441(a). *Am. Int'l Underwriters v. Continental Ins. Co.*, 842 F.2d 1253, 1260 (9th Cir. 1987) (noting that "[t]he right to remove a state court case to federal court is clearly limited to defendants").[3]

The case proceeded in state court. On April 4, 2008, Defendant removed the case to federal court. The removal effectively enjoined the state court proceedings. Defendant asserts that facts uncovered at Baker's March 2008 deposition indicate for the first time the case is removable because it raised questions under a federal law, the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*. (Not. ¶ 5.) Specifically, Powdermet claims:

> On March 20 and 21, 2008, defendant Powdermet took the deposition of Plaintiff, Dean Baker. At the deposition, Plaintiff testified that his claims against defendant Powdermet, Inc. are based upon a written deferred compensation plan and that the defendant refused to pay him under that plan. Until Plaintiff Baker's deposition, Plaintiff argued that defendant Powdermet owed him money, not under any written plan, but because he allegedly earned and accrued the money as wages before he joined the deferred compensation plan. Therefore, it was not until Plaintiff's deposition that defendant learned that Plaintiff now bases his claim on a plan governed by ERISA.

(*Id.*) On April 24, 2008, before the case was transferred to this Court, United States District Court Judge Gary Feess ordered Powdermet to show cause why this case

---

[3] Powdermet subsequently moved for $54,382.50 in attorneys fees and costs under 28 U.S.C. § 1447(c). After conducting a lodestar analysis, the Court awarded Powdermet $16,976.25. *Powdermet Inc. v. Baker*, CV 05-4225-FMC-PLAx, Order Granting Mot. for Attorneys' Fees (docket no. 34), issued December 8, 2005.

should not be remanded. Judge Feess's Order addressed "Powdermet's attempt to remove this action from Los Angeles Superior Court, the untimeliness of that removal, and the lack of subject matter jurisdiction, despite Powdermet's claim that the state court action involves [ERISA]." On May 1, 2008, Plaintiff moved to remand to state court.

## II. DISCUSSION

Section 1446(b) of Title 28 of the United States Code reads:

> The notice of removal of a civil action or proceeding shall be filed within **thirty days** after the receipt by the defendant . . . of a copy of the initial pleading . . .
>
> **If the case stated by the initial pleading is not removable**, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained that the case is one which is or has become removable**, except that a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).

Here, Defendant's attempt at removal is untimely under the statute. Defendant filed its notice of removal nearly three years after the case commenced in Los Angeles Superior Court. Powdermet argues that Plaintiff's March 2008 deposition testimony (which it contends is an "other paper" for the purposes of 28 U.S.C. § 1446(b)) reveals a basis for federal question jurisdiction. However, "the case stated by the initial pleadings" plainly was removable on the basis of diversity jurisdiction at the time of its filing in 2005. If Powdermet wished to litigate in federal court, it had the right to do so on the basis of diversity, in 2005. Instead, Powdermet not only failed to remove, but successfully fought Baker's attempt to remove the case. *See Powdermet, Inc. v. Baker*, CV 05-4225-FMC-PLAx, Powdermet's Mot. to Remand at 3, 5 (arguing that "the initial pleading gave notice of removal jurisdiction on diversity grounds . . . .").

4

1  Furthermore, even if the case had not been removable in 2005 on the basis of diversity jurisdiction, there appears to be no genuine excuse for the tardiness of Powdermet's federal question removal. The Court shares Judge Feess's assessment that Powdermet's claim of sudden discovery of a basis for federal question jurisdiction is "dubious" and that "Powdermet has known for some time the bases for Baker's claims." (Order to Show Cause at 3; Not. ¶ 2 (insisting that "[f]rom the face of the Plaintiff's administrative Complaint, defendant Powdermet could not determine whether the claims raised in Plaintiff's Complaint were pre-empted by, or arose under, federal law.")) The evidence of Powdermet's knowledge of the purported ERISA preemption issue includes:

1. Baker's Initial Claim with the Division of Labor Standards Enforcement, filed in 2003, which plainly states that he seeks "owed back wages–deferred salary due 7/15/03." (Not. Ex. A.)

2. Baker's formal complaint to the Labor Commissioner, which alleges that Baker is owed "[u]npaid deferred promised salary from 06/30/00 to 07/15/2003 = $68,317.62." (Resp. to Order to Show Cause Ex. B.)

3. A 2004 letter from Powdermet's CEO Andrew Sherman to the Labor Commissioner, specifically referencing the terms of the DCA, and attaching a copy, to dispute the full amount of Baker's claim. (Reich Decl. Ex. F.)

4. The administrative hearing officer's Findings of Fact, which specifically state, "Plaintiff contended that he was never paid the . . . deferred amounts contra to the stipulations reflected in his original employment agreement and the addendum to the *deferred compensation agreement*." (Not. Ex. B at 2 (emphasis added.))

5. Powdermet's brief submitted to the administrative hearing officer, arguing that the entire matter related to an ERISA plan–the DCA–and not to unpaid wages. (Def. Powdermet, Inc.'s Brief for Admin. Hearing, Mar. 10, 2005, at 2 (arguing that "[a]t issue here is whether [Powdermet] complied with a written deferred compensation plan. This claim is governed by ERISA and is within the exclusive

5

jurisdiction of the federal court."); Reich Decl. Ex. G.)[4]

It is absolutely clear from this evidence that Plaintiff based his claims on his written agreements with Powdermet, including the DCA, and Powdermet was well aware of this from the time the administrative complaint was filed. Consequently, Powdermet's argument that "[b]ecause 'the removing defendant bears the burden of proving the existence of jurisdictional facts,' . . . defendant needed to confirm the position taken by Plaintiff and whether he was basing his claim on the [Deferred Compensation Agreement] or whether he was still disavowing [it]," rings false. (Resp. to Order to Show Cause at 6 (quoting *Dunn v. Gaiam, Inc.* (C.D. Cal. 2001.)) Contrary to Powdermet's assertions, Baker's alleged "vacillat[ion] between the assertion that the plan did not govern his claim and the assertion that it might have," (Opp'n to Mot. to Remand at 10) did not prevent Powdermet from timely removing the case to federal court.   The possibility of removal on the basis of either diversity jurisdiction or federal question jurisdiction has been abundantly clear for at least three years.

There is no justification in the record for Powdermet's sudden desire to litigate in federal court, after fighting removal in 2005 and litigating in state court for nearly three years.  Accordingly, the Court will issue an order remanding the case to state court.  Before it does so, however, the Court orders Defendant Powdermet to show cause why sanctions should not issue for its abuse of the removal process.  In his motion to remand, Plaintiff Baker charges that Powdermet "effected the removal for one single, illegitimate purpose: to circumvent the state court's refusal to grant Powdermet's last minute request to continue the trial of the case which was

---

[4]Powdermet admits as much in its response to Judge Feess's Order to Show Cause.  (Cohon Decl. ¶ 7 ("Among the defenses raised by Powdermet [before the Labor Commissioner] was a possible ERISA issue . . . ."))

scheduled to commence on April 14, 2008." (Pl.'s Mem. at 1.) The Court orders Defendant Powdermet to appear on Monday, July 21, 2008 at 10:00 a.m. to show cause why sanctions should not be imposed.

**IT IS SO ORDERED.**

Dated: July 15, 2008

_____
FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT